HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| US BANK TRUST NA,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>VHANESTA ROBERTS, et al.,<br><br>　　　　　Defendants. | CASE NO. C16-5849-RBL<br><br>ORDER FOR *SUA SPONTE* REMAND<br><br>DKT. #1 |

THIS MATTER is before the Court on Defendant Roberts' Motion to Proceed *In Forma Pauperis* [Dkt. #1]. Plaintiff U.S. Bank filed an unlawful detainer action against Roberts on August 24, 2016, seeking to evict her from 1839 E. Fairbanks St., Tacoma, WA 98404. On October 4, 2016, Roberts removed the case from Pierce County Superior Court to this court, asserting diversity and federal jurisdiction. She supplies no personal address, but she claims she does not live in Washington and states U.S. Bank is headquartered in South Dakota. She also claims U.S. Bank seeks to deprive her of her property, in violation of her Fourth and Fourteenth Amendment rights.

Only actions that could have been filed in federal court may be removed to federal court by the defendant. *See Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425 (1987).

ORDER FOR SUA SPONTE REMAND - 1

1  Courts strictly construe the removal statutes in favor of remand and against removal. *See Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). The federal court has original jurisdiction of all civil actions where the amount-in-controversy exceeds the sum or value of $ 75,000 and is between (1) citizens of different states; (2) citizens of a state and citizens or subjects of a foreign state; (3) citizens of different states and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state as plaintiff and citizens of a state or of different states. *See* 28 U.S.C. § 1332. It also has original jurisdiction over all civil actions arising under the Constitution, law, or treaties of United States, 28 U.S.C. § 1331. Where the case neither meets the requirements of diversity jurisdiction and nor arises under federal law, the federal court lacks subject matter jurisdiction.

The sole issue in an unlawful detainer action is possession of property. *See Green Tree Servicing, LLC v. Shoemaker*, 2005 U.S. Dist. LEXIS 36171, at *8–9 (W.D. Wash. July 15, 2005) (referencing RCW 61.24.060). "[T]here is no amount in controversy. …" *Id*. Because Roberts therefore cannot meet 28 U.S.C. § 1332's amount-in-controversy requirement, the Court lacks original jurisdiction.

A case "arises under" federal law only if the federal question appears on the face of the plaintiff's well-pleaded complaint. *See Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9-12, 103 S. Ct. 2841 (1983); *see also Taylor v. Anderson*, 234 U.S. 74, 75–76, 34 S. Ct. 724 (1914). The federal question must be disclosed upon the complaint's face, unaided by the answer or by the petition for removal. *See Gully v. First National Bank*, 299 U.S. 109, 113, 57 S. Ct. 96 (1936). A right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action. *Id*. at 112.

1   U.S. Bank filed an unlawful detainer action in Pierce County Superior Court [Dkt. #1-1].
2  That court has exclusive jurisdiction over the proceedings, RCW 59.12.050, and no federal
3  question is presented. The Court does not have original jurisdiction over U.S. Bank's unlawful
4  detainer claims.

5   Moreover, Roberts' removal is untimely. A defendant must file a notice of removal
6  within 30 days of receiving plaintiff's complaint or a summons. *See* 28 U.S.C. § 1446. U.S. Bank
7  initiated proceedings on August 24, 2016, and Roberts removed the case on October 4, 2016—41
8  days later.

9   Because U.S. Bank could not have filed this case in federal court, the Court *sua sponte*
10 REMANDS it to the Pierce County Superior Court. The Court lacks jurisdiction to reach the
11 merits of Roberts' *IFP* motion.

12  Dated this 18th day of October, 2016.

14  Ronald B. Leighton
15  United States District Judge